UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUZANNE GRIFFIN,
                Plaintiff,   )
                       )
                       )
      v.                 )     Civil Action No. 14-30147-MGM
                       )
RICHARD COHEN, MAYOR OF THE  )
TOWN OF AGAWAM, et al,      )
              Defendants.  )

MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S
APPLICATION TO PROCEED IN FORMA PAUPERIS (Document No. 2)
AND SCREENING OF COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)
December 5, 2014

NEIMAN, U.S.M.J.

      This is an action brought by *pro se* litigant Suzanne Griffin ("Plaintiff") who, on the surface, appears to claim that she was discriminated against by the Mayor of Agawam, among other town officials, because of her disability. Plaintiff seeks leave to proceed *in forma pauperis*, which application has been referred to this court for consideration. For the following reasons, the court will grant the motion to proceed *in forma pauperis* but nonetheless directs Plaintiff to file an amended complaint if she wishes to proceed, which complaint shall be subject to further review.

I. DISCUSSION

A.

      Upon review of Plaintiff's financial disclosures, the court concludes that she is without sufficient income or assets to pay the filing fee. Accordingly, the court will grant the motion for leave to proceed *in forma pauperis*. Because Plaintiff is proceeding *in forma pauperis*, however, her complaint is subject to screening under 28 U.S.C.

§ 1915(e)(2), which authorizes federal courts to dismiss an action if it is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).

In conducting its review, the court has liberally construed the complaint because Plaintiff is proceeding *pro se.  See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even so, the court has determined that the complaint, to the extent it can be understood, borders on the frivolous, seeks to bypass a prior complaint pursued by Plaintiff (which complaint was dismissed because of its own pleading deficiencies) and, in any event, fails to state a claim upon which relief may be granted.

## B.

Plaintiff brings this action against Richard Cohen, Mayor of the Town of Agawam, Susan Dawson, who is described as a prior mayor, Doreen Prouty, one-time chair of the Agawam Zoning Board, and Larry Hoague, Fred Harpin, James Marmo, and Richard Maggi, each one of whom is or was a member of the Zoning Board.  The complaint ostensibly invokes the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, as the basis for this court's jurisdiction but quickly erupts into all sorts of other claims, the specifics of which are mysterious.  For example, Plaintiff describes the mayors as having "engaged in violating Federal Civil Rights including Bill of Rights, Amendment IV safeguarding Persons, Houses, Papers and Effects from Despotic searches and seizures without probable cause."  (Complaint at ¶ 3.)  Plaintiff also mentions having taken her plight "several times" to the Massachusetts Commission Against Discrimination but fails to mention the dates of those charges, the results of any investigations, or the receipt of a right to sue letter.

2

It appears from the facts alleged in the complaint, no matter how confused and disconnected, that, despite her invocation of the ADA, Plaintiff is seeking to reprise claims she and her husband Alan Griffin, since deceased, previously pursued in this forum (and elsewhere) centered on a zoning dispute concerning their keeping goats on their land. *See Griffin v. Town of Agawam*, Civil Action 13-CV-30142-MAP. As here, Plaintiff and her husband alleged in that action that they were both disabled, that she needed raw goats milk because she suffers from colitis, that the Town wanted the goats removed from the property and that the Land Court had ordered their removal; a parallel case was also pending at that time in the Hampden County Housing Court.

As this court explained then, Plaintiff and her husband's complaint offered no basis for any civil rights action and, further, that the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), barred lawsuits where parallel state court proceedings were already addressing identical issues. Nevertheless, the court gave Plaintiff and her husband thirty-five days to file an amended complaint addressing the drafting deficiencies in their complaint. Unfortunately for their cause, their amended complaint fared no better and the action was ultimately dismissed by District Judge Michael A. Ponsor. Plaintiff and her husband did not appeal the dismissal.

Plaintiff's present complaint echoes the situation which was the subject of the prior complaint. She describes her one acre farm plot, the "RAW milk that was the medical team ordered medicament," the need for a special permit, and a claim that "if the 'livestock' need is disablement specific, the farmers AND the goats are untouchable under normal conditions." Plaintiff also mentions a "quid pro quo lawyer," misstatements as to where the goats were removed, a settlement which had been in the

works, the "patriarch at abutting 112 North St.," and "the uncanny powers to incite mayoral and department assumed powers to do their dirty hands work."  The complaint is a tangle of speculation, innuendo, upset and confusion.

## C.

Irrespective of any cause of action that Plaintiff attempts to bring, she has failed to state a claim for relief because she has not complied with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8").  Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  At a minimum, the pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir.  2004)).  This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why."  *Id.* (quoting *Educadores*, 367 F.3d at 68).  Although the requirements of Rule 8(a)(2) are indeed "minimal," those "requirements are not tantamount to nonexistent requirements." *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).

Thus, a plaintiff's obligation to provide the grounds of her claim "requires more than labels and conclusions."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court is not "bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Further, "only a complaint that states a *plausible* claim for relief" states a claim upon which relief may be granted.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (emphasis added).  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct," the complaint does not show that "the pleader is entitled to relief." *Id.* (quoting Fed. R Civ. P. 8(a)(2) in second quotation).

As described, Plaintiff's pleading, as a threshold matter, is very difficult to decipher. This was true of her and her husband's prior federal complaint, an inadequacy which was left unremedied. As Judge Ponsor explained with respect to that complaint and as remains true here, what emerges very clearly from a review of the pleadings is no colorable claim has been articulated, whether under the ADA or otherwise.

Moreover, Plaintiff has failed to sufficiently identify the connection between any of the events she mentions to the alleged misconduct of each individual defendant. Instead, she has apparently treated the alleged perpetrators of all of the misdeeds against her as if they have acted in concert. This "lumping" together of all of the defendants also fails to meet the pleading requirements of Rule 8. *See Bagheri v. Galligan*, 160 Fed. Appx. 4, 5 (1st Cir. 2005) (upholding district court's dismissal of action where the original complaint did not "state clearly which defendant or defendants committed each of the alleged wrongful acts"); *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff]'s complaint failed to satisfy [the] minimum standard" of pleading under Fed. R. Civ. P. 8(a).). Further, even if Plaintiff is suggesting that all the defendants participated in all incidents of misconduct because they had conspired together, such conclusory allegations of a conspiracy are insufficient to meet the Rule 8 pleading requirements. *See Iqbal*, 556 U.S. at 681; *Twombly*, 550 U.S. at 555.

## II. CONCLUSION

In light of the significant deficiencies in the complaint, the court concludes that it is subject to dismissal under 19 U.S.C. § 1915(e)(2).  However, to avoid possible dismissal of the action in its entirety, the court directs Plaintiff to file an amended complaint within thirty-five days, *i.e.*, January 9, 2015, that cures the problems addressed above.  Of course, the amended complaint will be screened as well.

The claims in the amended complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  In addition, if Plaintiff brings claims against more than one defendant, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(2)(A).  Failure to do so may result in dismissal of the action.

IT IS SO ORDERED

DATED: December 5, 2014

 /s/   Kenneth P. Neiman   
KENNETH P. NEIMAN
U.S. Magistrate Judge