UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SUZANNE GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-30147-MGM |
| | ) | |
| RICHARD COHEN, MAYOR OF THE | ) | |
| TOWN OF AGAWAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL
PURSUANT TO 28 U.S.C. § 1915(e)(2)

ROBERTSON, U.S.M.J.

On August 11 2015, self-represented litigant Suzanne Griffin ("Plaintiff") filed this civil action along with a motion for leave to proceed *in forma pauperis* (Dkt. Nos. 1, 2). On December 5, 2014, the court (Neiman, J.) granted Plaintiff's motion to proceed *in forma pauperis* but directed her to file an amended complaint in order to cure pervasive deficiencies in the complaint to avoid dismissal of the action with prejudice (Dkt. No. 5). Plaintiff filed her amended complaint on January 23, 2015 (Dkt. No. 10), and as the court explained, it too is subject to review under 28 U.S.C. § 1915(e)(2). Such review is now pending before the court and was referred to the undersigned for report and recommendation (Dkt. No. 12). *See* 20 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). For the following reasons, this court recommends that the complaint be dismissed with prejudice since it fails to ameliorate the deficiencies previously identified by the court and, thus, fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

I.  Discussion

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening

under 28 U.S.C. § 1915(e)(2), which authorizes federal courts to dismiss an action if, among other things, it is frivolous or fails to state a claim upon on which relief may be granted. In a December 5, 2014 Memorandum and Order, Judge Neiman directed Plaintiff to file an amended complaint because her initial complaint, "to the extent it [could] be understood, border[ed] on the frivolous, [sought] to bypass a prior complaint pursued by Plaintiff (which complaint was dismissed because of its own pleading deficiencies) and, in any event, fail[ed] to state a claim upon which relief [might] be granted" (Dkt. No. 5 at 2). In conducting this second review, the court again liberally construes Plaintiff's complaint because she is self-represented. *See Rodi v. Southern New England Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004) (citing *Bovin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000)). Even allowing for this liberal construction of Plaintiff's allegations, the amended complaint is less comprehensible than her original complaint and again fails to state a claim upon which relief may be granted.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Calvi v. Knox Cnty.*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "'at least set forth minimal facts as to who did what to whom, when, where, and why.'" *Calvi*, 470 F.3d at 430 (quoting *Educadores Puertorriquenos en Accion*, 367 F.3d at 68). It must afford the defendant a "meaningful opportunity to mount a defense." *Diaz-Rivera v. Rivera-Rodriguez*, 377 F.3d 119, 123 (1st Cir. 2004). Although the requirements of Rule 8(a)(2) are "minimal," they "are not tantamount to nonexistent requirements." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.

1988).

Thus, a plaintiff's obligation to provide the grounds of her claim "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "only a complaint that states a *plausible* claim for relief" states a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not show that "'the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Here, the amended complaint fails to comply with the pleading standards set forth in Rule 8. To an even greater extent than was true of the original complaint, Plaintiff's amended pleading "is very difficult to decipher" (Dkt. No. 5 at 5). The amended complaint appears to allege unfair treatment on the basis of disability (e.g., "Both with multiple Qualified Disabilities revealed several times to Cohen Administration . . . make reasonable accommodations for her Major Life Activity" (Dkt. No. 10 at 1)), but, as was the case in the original pleading, it "quickly erupts into all sorts of other claims, the specifics of which are mysterious" (Dkt. No. 5 at 2). As Judge Neiman concluded in December, "what emerges very clearly from a review of the pleadings is no colorable claim, whether under the [American with Disabilities Act] or otherwise" (Dkt. No. 5 at 5). *See Schied v. Fanny Farmer Candy Shops Inc.*, 859 F.2d 434, 437 (6th Cir. 1998) (a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory") (emphasis in original), *abrogated on other grounds*, *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). The individuals identified as defendants in the

amended complaint would not be able to provide a meaningful response to the allegations.

Because the amended complaint falls woefully short of curing the deficiencies identified in the court's December 5, 2014 ruling, the court recommends dismissal with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

II.   Conclusion

For the foregoing reasons, it is this court's RECOMMENDATION that the complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

|  |  |
|---|---|
| DATED: May 22, 2015 | /s/ Katherine A. Robertson<br>KATHERINE A. ROBERTSON<br>United States Magistrate Judge |

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.